UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

LATRICIA GOODRIDGE,                                   Case No. 16 CV 2749

                     Plaintiff,

            -against-                          **COMPLAINT**

                                                      JURY DEMAND

THE CITY OF NEW YORK, DETECTIVE
SHARON VARGAS [SHIELD # 5071], and
JOHN DOE AND JANE DOE #1-3 (the names
John and Jane Doe being fictitious, as the true
names are presently unknown),
                     Defendants.
-------------------------------------------------------------X

Plaintiff, LATRICIA GOODRIDGE, by her attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, Detective Sharon Vargas [Shield # 5071] and John Doe and Jane Doe #1-3 (collectively, "defendants"), respectfully alleges as follows:

1.      This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §1983, [and arising under the law and statutes of the City and State of New York].

<u>JURISDICTION</u>

2.      The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

3.      As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

COMPLIANCE WITH N.Y. GEN. MUN. LAW REQUIREMENTS

4.      Plaintiff timely made and served a notice of claim upon the defendants in compliance with N.Y. Gen. Mun. Law § 50-e.

5.      At least thirty days have elapsed since the service of aforesaid notice of claim and adjustment or payment thereof has been neglected or refused.

6.      This action is commenced within one year and ninety days after the happening of the event(s) upon which the claim(s) is based.

THE PARTIES

7.      Plaintiff is and was at all times material herein a resident of the United States and the State of New York.

8.      Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

9.      The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

10.     Defendant Detective Sharon Vargas [Shield # 5071] was at all times material herein a detective employed by the NYPD. She is named here in her official and individual capacities.

11.     Defendants John Doe and Jane Doe were at all times material herein individuals and/or officers employed by the NYPD. They are named here in their official and individual capacities.

12.     Defendants Vargas and John Doe and Jane Doe are collectively referred to herein as "defendant officers".

13.     At all times material to this Complaint, the defendant officers acted toward plaintiff under color of the statutes, ordinances, customs, and usage of the State and City of New York.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

14.     On or about October 29, 2015, at approximately 11:00 a.m., defendant officers, acting in concert, arrested plaintiff without cause at or within the vicinity of the NYPD-75th Precinct, which is located at 1000 Sutter Avenue,

Brooklyn, New York, and charged plaintiff with PL 260.00 'Abandonment of a child'.

15.     Plaintiff, however, did not abandon any child, and did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

16.     On or about October 18, 2015, prior to the arrest, plaintiff who at the time was staying with her fiancée in Manhattan received a telephone call from her neighbor, Mr. Black.

17.     Mr. Black informed the plaintiff that defendant officers had posted a wanted person flyer bearing her name, picture and personal information in the lobby of their apartment building complex which is located at 360 Snediker Avenue, Brooklyn, New York.

18.     Mr Black also informed the plaintiff that defendant officers slipped copies of the wanted person flyer underneath each and every apartment door at the premises.

19.     Mr. Black subsequently forwarded a copy of the flyer to plaintiff.

20.     Defendant officers indicated in the flyer that the plaintiff was wanted for allegedly assaulting a minor inside the 360 Snediker Avenue premises.

21.     Defendant officers also indicated in the flyer that they purportedly had probable cause to arrest the plaintiff for, among other things, allegedly endangering the welfare of a child.

22.     In addition to other things, defendant officers requested any individual with information concerning the plaintiff to contact them, and included their contact information in the flyer.

23.     Plaintiff, however, did not assault any minor or any other individual at anytime.

24.     Additionally, defendant officers did not have probable cause to arrest the plaintiff for any crime or offense.

25.     Upon receipt of the flyer from Mr. Black, plaintiff called one of the telephone numbers listed on the flyer.

26.     Upon calling the telephone number, plaintiff was advised that defendants had obtained a valid warrant for her arrest, and was directed by defendant officers to surrender herself to defendants' custody at aforementioned 1000 Sutter Avenue address.

27.     On or about October 29, 2015, at approximately 11:00 a.m., plaintiff turned herself in as she was directed, and was promptly arrested by defendant officers.

28.     While at the precinct, defendant officers subjected the plaintiff to an illegal and warrantless search.

29.     Defendant officers did not recover any contraband from their illegal and warrantless search of the plaintiff.

30.     After detaining the plaintiff at the precinct for a lengthy period of time, plaintiff was transported to the Central Booking to await arraignment.

31.     While plaintiff was awaiting arraignment, defendant officers met with prosecutors employed by Kings County District Attorney's Office.

32.     During this meeting, defendant officers falsely stated to the prosecutors, among other things, that the plaintiff abandoned her own child.

33.     Based on the false testimony of defendant officers, the prosecutors initiated criminal actions against the plaintiff.

34.     The prosecutors subsequently conducted an independent investigation and concluded that there was no evidence of any crime committed by the plaintiff.

35.     As a result, the prosecutors declined to prosecute the plaintiff.

36.     Eventually, after detaining the plaintiff for a lengthy period of time, defendant officers summarily released the plaintiff from her unlawful detention.

37.     Each and every officer who responded to and/or was present at the location of the arrest(s) and at the precinct and/or station house knew and was fully aware that the plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

38.     Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiff.

39.     As a result of the aforesaid actions by defendants, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: FALSE ARREST - against defendant officers

40.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 39 of this complaint as though fully set forth herein.

41.     The conduct of defendant officers, as described herein, amounted to false arrest.

42.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

43.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers

44.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 43 of this complaint as though fully set forth herein.

45.     That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

46.     Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

47.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

48.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRD CAUSE OF ACTION: UNREASONABLE DETENTION - against defendant officers

49.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 48 of this complaint as though fully set forth herein.

50.     Defendant officers denied plaintiff her due process right to be free from continued detention after it was or should have been known that plaintiff was entitled to release.

51.     The conduct of defendant officers, as described herein, amounted to unreasonable detention.

52.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

53.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTH CAUSE OF ACTION: FABRICATION OF EVIDENCE - against defendant officers

54.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 53 of this complaint as though fully set forth herein.

55.     Defendant officers manufactured evidence of criminality against the plaintiff which the prosecutors relied upon to initiate criminal actions against the plaintiff.

56.     The conduct of defendant officers, as described herein, amounted to fabrication of evidence.

57.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

58.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTH CAUSE OF ACTION: UNREASONABLE SEARCH & SEIZURE - against defendant officers

59.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 58 of this complaint as though fully set forth herein.

60.     The conduct of defendant officers, as described herein, amounted to unreasonable search & seizure.

61.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

62.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTH CAUSE OF ACTION: CONSPIRACY - against defendant officers

63.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 62 of this complaint as though fully set forth herein.

64.     In an effort to find fault to use against the plaintiff who is black, defendant officers met with themselves and with several other individuals on numerous occasions and agreed to deprive plaintiff of her constitutional rights secured by 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

65.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

66.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of defendant officers, individually and severally.

SEVENTH CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE AND MUNICIPAL POLICY - against defendant City

67.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 66 of this complaint as though fully set forth herein.

68.     Defendant City of New York, acting through the New York Police Department, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, reasonable search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

69.     Defendant City of New York, acting through aforesaid NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, stripping, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in narcotics, drugs, guns and/or other illicit activities.

70.     Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

71.     For example, in *Bobby Mercer v. City of New York* (14 CV 2789), defendants directed the plaintiff in that matter to surrender himself at the precinct and, then, arrested him when he eventually turned himself in even though he did not commit any crime and there was no valid complaint against him.

72.     Additionally, in *Joenald Pierre v. City of New York* (14 CV 7391), defendants went to the plaintiff's home and arrested him falsely claiming that they had a valid warrant for his arrest and lengthy detention.

73.     Moroever, several officers of the NYPD assigned to NYPD-75th Precinct -- as defendant officers -- routinely make unlawful arrests charging innocent persons with various crimes and/or offenses.

74.     Most of the arrests and charges made by officers assigned to NYPD-75th Precinct are usually voided and/or dismissed by prosecutors for lack of evidence.

75.     Defendant City of New York has settled numerous lawsuits brought in this district against several officers assigned to NYPD-75th Precinct concerning similar arrests and charges as those described herein. *See*, *e.g.*, *Tyquan Myrick v. City of New York* (13 CV 2544); *James Burgess v. City of New York* (12 CV 1322); *Derwin Goldson v. City of New York* (10 CV 5770); *Kamel Prude v. City of New York* (09 CV 3118); *Andrew Elmore v. City of New York* (08 CV 2433).

76.     Defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

77.     The actions of defendants, acting under color of State law, deprived plaintiff of her due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in her person and property, to be free from abuse of process, the excessive use of force and the right to due process.

78.     By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and

usage of a right, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

EIGHTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 6, 11 & 12 - against defendants

79.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 78 of this complaint as though fully set forth herein.

80.     By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting her and depriving her of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article 1, § 6 (providing for due process), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

81.     In addition, the individual officers conspired among themselves and conspired with other individuals to deprive plaintiff of her constitutional rights secured by Article I, §§ 6, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

82.     The individual officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The individual officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of her constitutional rights secured by Article I, §§ 6, 11 & 12 of the New York Constitution.

83.     Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

NINTH CAUSE OF ACTION: TORTS (FALSE ARREST/IMPRISONMENT) - against
defendants

84.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 83 of this complaint as though fully set forth herein.

85.     The conduct of the defendants, as described herein, amounted to false arrest/imprisonment.

86.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TENTH CAUSE OF ACTION: TORTS (ASSAULT AND BATTERY) - against
defendants

87.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 86 of this complaint as though fully set forth herein.

88.     By reason of and as a consequence of the conduct of defendant officers, plaintiff sustained injuries with the accompanying pain.

89.     The conduct of the defendants, as described herein, amounted to assault and battery.

90.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

ELEVENTH CAUSE OF ACTION: TORTS (UNREASONABLE SEARCH AND
SEIZURE) - against defendants

91.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 90 of this complaint as though fully set forth herein.

92.     The conduct of the defendants, as described herein, amounted to unreasonable search and seizure and unreasonable detention.

93.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TWELFTH CAUSE OF ACTION: TORTS (NEGLIGENCE AND/OR BREACH OF SPECIAL DUTY OR RELATIONSHIP) - against defendants

94.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 93 of this complaint as though fully set forth herein.

95.    Defendants failed to properly care, supervise and protect the plaintiff, failed to ensure the plaintiff's health and safety, and were careless and negligent in their treatment of the plaintiff.

96.    The conduct of the defendants, as described herein, amounted to negligence and breach of special duty or relationship.

97.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRTEENTH CAUSE OF ACTION: TORTS (DEFAMATION) - against defendants

98.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 97 of this complaint as though fully set forth herein.

99.    Defendants falsely alleged that the plaintiff assaulted a minor, endangered the welfare of a child, and abandoned her own child.

100.   On or about October 18, 2015, defendants published their aforesaid false allegations to plaintiff's colleagues, neighbors, friends and family including, but not limited to, Mr. Black.

101.   The above statements by the defendants were made without any just cause or truth to the statements. Additionally, defendants made such statements maliciously, knowing said statements to be absolutely false.

102.   Defendants made aforesaid false and malicious statements with the sole intent of exposing plaintiff to public contempt, hatred, ridicule, aversion, disgrace and to induce an evil opinion of the plaintiff and cause plaintiff to be shunned or avoided and injure plaintiff in her employment or occupation.

103.   By reason of defendants' statements and actions, plaintiff has been injured in her good name and reputation and has suffered and continues to suffer great pain and mental anguish and has been held and continues to be held in

ridicule and contempt by her family members, neighbors, colleagues, friends, acquaintances and the public.

104.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTEENTH CAUSE OF ACTION: TORTS (NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) - against defendants

105.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 104 of this complaint as though fully set forth herein.

106.     The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

107.     Plaintiff's emotional distress has damaged her personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the arrest, assault, detention and imprisonment by defendants.

108.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTEENTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES - against defendant City

109.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 108 of this complaint as though fully set forth herein.

110.     Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

111.     Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff

or to those in a like situation would probably result from such conduct described herein.

112.     Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

113.     Upon information and belief, defendant City's negligence in hiring and retaining defendant officers proximately caused plaintiff's injuries.

WHEREFORE, plaintiff respectfully prays judgment as follows:

    a.     For compensatory damages against all defendants in an amount to be proven at trial;

    b.     For exemplary and punitive damages against all defendants in an amount to be proven at trial;

    c.     For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

    d.     For such other and further relief as the court deems proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
      May 31, 2016

                    UGO UZOH, P.C.

                    /s/

                    _____

      By:    Ugochukwu Uzoh (UU-9076)
              Attorney for the Plaintiff
              304 Livingston Street, Suite 2R
              Brooklyn, N.Y. 11217
              Tel. No: (718) 874-6045
              Fax No: (718) 576-2685
              Email: u.ugochukwu@yahoo.com